CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAR 2 5 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ANJANETTE SHELTON, | CIVIL NO. 6:08cv00040 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| THE INN AT TRIVIUM, | |
| Defendant. | JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendant's Motion to Set Aside Entry of Default (docket no. 15). The Plaintiff moved for default judgment on February 20, 2009, and the Court directed the Clerk to enter the Defendant's default on March 4, 2009. The Court also ordered the Defendant to show cause why default judgment should not be granted for the Plaintiff. The Defendant filed a timely response and moved the Court to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

Rule 55 of the Federal Rules of Civil Procedure provides that a court may, "[f]or good cause shown," set aside an entry of default. Fed.R.Civ.P. 55(c). "The disposition of motions made under Rule[ ] 55(c) ... is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d

198, 204-205 (4th Cir. 2006) (citing *Consolidated Masonry, supra; Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir.1987)). In order to show that a meritorious defense exists, the defaulting party must make "a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982).

The Defendant has failed to proffer any defense to the Plaintiff's claims in its present motion. The Plaintiff submitted evidence as to damages in response to the Court's March 4, 2009 order. That evidence included documents from the file of the U.S. Department of Labor, which investigated the Plaintiff's Fair Labor Standards Act ("FLSA") claims. The Department of Labor found that the Plaintiff was covered by the FLSA as an individual employee engaged in interstate commerce. The Department of Labor further found that the Plaintiff was entitled to $2,918.88 in unpaid overtime wages. The Defendant disputed that the Plaintiff was owed that amount and offered instead to pay a lesser amount. The parties were unable to reach an agreement, and this lawsuit ensued. The Plaintiff now seeks $2,918.88 plus an equal amount in liquidated damages, as authorized by the FLSA. The Defendant has not offered any evidence to refute or contradict the Department of Labor's findings or the Plaintiff's allegations. Therefore, the Defendant has not made the requisite showing that the entry of default should be set aside.

In addition, the Defendant is responsible for its own failure to defend the lawsuit. While a party should not ordinarily be punished for the conduct of its counsel, when the party itself is at fault, it "must adequately defend its conduct to show excusable neglect." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir.1988). The Defendant has failed to defend its conduct or to show excusable neglect in this case. It explains that the Defendant's ownership and management was in transition, and that the Defendant's manager did not understand the deadline to answer the complaint and therefore failed to notify Defendant's

owners or directors of the lawsuit. However, the Defendant's manager, Donna Wheelock, is not a new employee, and had been contacted by the U.S. Department of Labor investigator regarding the Plaintiff's claims. Further, Ms. Wheelock attempted to answer the complaint on behalf of the Defendant and clearly had notice of the lawsuit well in advance of the entry of default. The Defendant was notified by order of this Court entered on December 31, 2008 that it could not represent itself and must appear through counsel. However, the Defendant failed to retain counsel for nearly three months after the Court's order, and now offers no compelling reason for the delay.

Accordingly, the entry of default will not be set aside, and Defendant's motion will be denied. However, the Defendant may contest the amount of damages claimed by the Plaintiff at a hearing. *See* Fed. R. Civ. P. 55(b)(2). The Plaintiff is advised that she will be required to present evidence in order to prove the amount she is owed in damages, and the Defendant will have a similar opportunity to present evidence in support of its position. Such evidence may include the parties' own testimony, the testimony of other witnesses, documentary evidence such as payroll records and pay stubs, and any other evidence tending to support the parties' respective positions.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to the Plaintiff.

ENTERED: This 25th Day of March, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE