CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 0 6 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| ANJANETTE SHELTON, | CIVIL NO. 6:08cv00040 |
|---|---|
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| THE INN AT TRIVIUM, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court for the determination of Plaintiff Anjanette Shelton's damages on default judgment. The Clerk of the Court entered the Defendant's default on March 4, 2009, and the Court held a hearing on the issue of damages on May 1, 2009. The Plaintiff and Defendant both appeared at the hearing and presented evidence. For the following reasons, I have determined that the Plaintiff is entitled to judgment in the amount of $1249.80, plus $154.00 in costs associated with this action.

I. BACKGROUND

Shelton brings a claim against the Defendant Inn at Trivium, Inc. (the "Inn") for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The Inn at Trivium is a bed and breakfast and special events facility, hosting weddings, parties and corporate functions, as well as overnight guests. Shelton began working at the Inn in October 2006. When she was hired, she worked part-time, on an as-needed basis, as part of the wait staff. Around January 1, 2007, Shelton was promoted to Assistant Manager, and was given a raise to a rate of $12.00 per hour. Shelton was in training as an Assistant Manager for some months. As

an Assistant Manager, Shelton worked primarily in the office of the Inn performing administrative tasks. She also continued to act as wait staff on some occasions. Shelton's employment was terminated in January 2008 due to "employee issues." Although she frequently worked more than 40 hours per week, Shelton was not paid overtime until September 2007.[1]

Upon termination of her employment, Shelton filed a complaint with the Wage and Hour Division of the Department of Labor ("DOL") for unpaid overtime. After its investigation, the DOL concluded that the Inn owed Shelton $2,918.88 in unpaid overtime. Shelton now seeks that amount from the Defendant, as well as an equal amount in liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), for total damages of $5,837.76.[2]

## II. STANDARD OF REVIEW

Upon default judgment, Plaintiff's *factual* allegations-as opposed to legal conclusions-are accepted as true for all purposes excluding determination of damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir.2001) ("default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover" (*quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975))). The Plaintiff must therefore prove her damages by a preponderance of the evidence. *See Everyday Learning v. Larson*, 242 F.3d 815, 818 (8th Cir.2001) (affirming district court's decision not to award damages after default judgment hearing where damages were "speculative and not proven by a fair preponderance of the evidence."); *Spangler v. Colonial Ophthalmology*, 235 F.Supp.2d 507,

---

[1] All employees of a business are covered by the FLSA ("enterprise coverage") if the business has more than two employees, is engaged in interstate commerce or the production of goods for interstate commerce, and has an annual dollar volume of sales or business done of at least $500,000. 29 U.S.C. § 203(s). There is no indication that the Inn was a covered enterprise under the FLSA until August or September 2007. In September 2007, the Inn began paying its employees overtime, because it believed it had reached the threshold volume of sales or business for enterprise coverage.

[2] Shelton also seeks fees and costs as provided in 29 U.S.C. §216(b). She is proceeding *pro se* and *in forma pauperis* and has not been required to pay filing or service fees. However, she subpoenaed one witness who testified at the damages hearing, and paid $154.00 in service fees and mileage.

-2-

Case 6:08-cv-00040-NKM    Document 28    Filed 05/06/09    Page 2 of 6    Pageid#: 96

510 (E.D.Va. 2002) (declining to award certain damages because the plaintiff "failed to prove these damages by a preponderance of the evidence").

### III. ANALYSIS

#### A. UNPAID OVERTIME

If an employee is covered by the FLSA, that employee must be paid at least one and a half times his or her regular hourly rate for all hours worked over 40 per week. 29 U.S.C. § 207(a)(1). Shelton claims that she was covered by the FLSA for the period between December 2006 and September 2007, and that she was therefore entitled to be paid overtime during that time. The Inn concedes that she was covered by the FLSA beginning on June 1, 2007, but denies that she was covered before that date.

Even if a business is not covered by the FLSA as an enterprise, individual employees may still be covered by the FLSA's overtime provisions if they are engaged in interstate commerce or in the production of goods for interstate commerce. *See* 29 U.S.C. § 207. "[C]overage under the FLSA is construed 'liberally to apply to the furthest reaches consistent with congressional direction.'" *U.S. Dept. of Labor v. North Carolina Growers Ass'n*, 377 F.3d 345, 350 (4th Cir. 2004) (citing *Mitchell v. Lublin, McGaughy & Associates*, 358 U.S. 207, 211 (1959)). The activities of the employee, rather than those of the business, determine whether an employee is individually covered by the FLSA. *Wirtz v. Modern Trashmoval, Inc.*, 323 F.2d 451, 456 (4th Cir. 1963) (citing *Mitchell, supra*).

"Commerce" is defined as "transportation, transmission, or communication among the several states." 29 U.S.C. § 203(b); see also *Wirtz v. Wardlaw*, 339 F.2d 785, 787 (4th Cir. 1964). This means "the movement of persons or things (whether tangibles or intangibles, and including information and intelligence)" among states or internationally. 29 C.F.R. § 776.9

-3-

(interpretive guidance). Thus, employees engaged in communications with out-of-state customers are "engaged in commerce" and are covered by the FLSA. *See Wardlaw, supra* (holding that employees who solicited out-of-state customers through the mail were engaged in commerce and were covered by the FLSA as individual employees); Department of Labor Opinion Letter, FLSA, 1999 WL 1002373 (Mar. 5, 1999) ("Employees . . . are individually covered under the FLSA if, in the performance of their duties, they are engaged in interstate commerce. . . . Such employees include those who *regularly* handle interstate mail and telephone calls, engage in banking or credit card transactions, or receive or handle goods or materials from or destined for out-of-state sources." (emphasis added)). The employee's activities that constitute "commerce" must be "regular and recurring," and activities that are "isolated, sporadic, or occasional" are insufficient to result in coverage. 29 C.F.R. § 776.3 (interpretive guidance). Employees who only incidentally use interstate communications or occasionally engage in interstate credit card transactions may not be covered by the FLSA. *See, e.g., Russell v. Continental Restaurant, Inc.*, 430 F.Supp.2d 521, 526 (D.Md. 2006).

Shelton alleged that her job duties as Assistant Manager included making credit card sales and corresponding with out of state customers through the mail, phone and fax. However, the Inn's manager, Donna Wheelock, testified that Shelton did not make any credit card transactions prior to June 1, 2007, when her training period ended. Wheelock also testified that Shelton did not order food or supplies or work in the kitchen once she was promoted to Assistant Manager. Finally, Wheelock testified that while Shelton did frequently talk on the phone, all but one or two of the Inn's vendors and guests were from Virginia. Therefore, Wheelock concluded that it was unlikely that Shelton regularly handled interstate mail or phone calls. The Inn provided full lists of its vendors and guests from the time period in question. Those lists show

that the majority of the Inn's vendors are local businesses, and that the majority of the Inn's overnight guests were from Virginia. The list of events does not specify where the clients were located; however, Wheelock represented that only one of the event clients was from out of state, and that Shelton was not involved with that client's event.

Wheelock admitted that beginning around June 1, 2007, Shelton began to take on more responsibility, including running credit card transactions. Shelton maintained that she did in fact make interstate phone calls and conduct credit card transactions throughout her term as Assistant Manager, but she could not provide any specific examples or estimate what percentage of her job duties was taken up by these tasks. She could not identify any particular guests or clients of the Inn who came from out of state. I therefore find that Shelton has not shown by a preponderance of the evidence that she was engaged in commerce prior to June 1, 2007, but I find that she was engaged in commerce between June 1, 2007 and September 1, 2007. She is therefore entitled to unpaid overtime wages for that time period. Shelton's pay stubs reflect that she worked 104.15 hours of overtime, for which she was paid her regular hourly rate of $12.00. This amounts to $624.90 in unpaid overtime wages.

## B. Liquidated Damages

Shelton also claims that she is entitled to liquidated damages. The FLSA provides for liquidated damages in an amount equal to the unpaid overtime wages. 29 U.S.C. § 216(b). A court may decide not to award liquidated damages if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]...." 29 U.S.C. § 260. The Fourth Circuit has noted that "the exception to the general rule of liquidated damages puts upon the employer the 'plain and substantial burden of persuading the

court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.'" *Burnley v. Short*, 730 F.2d 136, 140 (4th Cir. 1984). "[A]n employer may not simply remain blissfully ignorant of FLSA requirements" and still escape paying liquidated damages. *Id.* (citing *Reeves v. International Telephone & Telegraph Corp.*, 616 F.2d 1342, 1353 (5th Cir.1980), *cert. denied*, 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800 (1981)).

The Inn has not shown reasonable grounds for its failure to pay Shelton overtime during this period. It therefore has not met its burden of showing that an award of liquidated damages would be unfair in this case. Accordingly, the Plaintiff is entitled to liquidated damages in an amount equal to the total unpaid overtime wages.

## IV. CONCLUSION

In conclusion, I find that the Plaintiff is entitled to $624.90 in unpaid overtime wages, an equal amount in liquidated damages, and $154.00 in costs. An appropriate Order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to the Plaintiff.

ENTERED: This 6th Day of May, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE